Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON KEVIN LEMIEUX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>SCHWAN'S HOME SERVICE, INC.; AND CUSTOMER ELATION, INC.,<br><br>DEFENDANTS. | Case No: 12-CV-964 GPC (DHB)<br><br>**Class Action**<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECT ACT, 47 U.S.C § 227 ET SEQ.<br><br>JURY TRIAL DEMAND |

## INTRODUCTION

1. ERIK KNUTSON ("Knutson") and KEVIN LEMIEUX ("Lemieux"), referred to jointly as "Plaintiffs," bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SCHWAN'S HOME SERVICE, INC. ("SCHWAN") and CUSTOMER ELATION, INC. ("CUSTOMER ELATION") and their related entities, subsidiaries and agents, referred to jointly as "Defendants," in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

2. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' causes of action against Defendants occurred within the State of California and Defendants conduct business in the County of San Diego.

## PARTIES

3. Plaintiffs are, and at all times mentioned herein were, individual citizens and residents of the State of California and County of San Diego.

4. Plaintiffs are informed and believe, and thereon allege, that Defendant SCHWAN is, and at all times mentioned herein was, a corporation whose primary corporate address is 115 West College Drive, Marshall MN 56258.

5. Defendant SCHWAN is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).  Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendant SCHWAN conducted business in the State of California and in the County of San Diego.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant CUSTOMER ELATION is, and at all times mentioned herein was, a corporation whose primary corporate address is in Bloomington, Minnesota.

7. Defendant CUSTOMER ELATION is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10). Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendant CUSTOMER ELATION conducted business in the State of California and in the County of San Diego.

8. Defendant CUSTOMER ELATION provides call center services, web services, and fulfillment services to business such as Defendant SCHWAN, which services include the use of prerecorded messages to telephones for notification and advertisement purposes.

9. The actions alleged herein to have been undertaken by the Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## FACTUAL ALLEGATIONS

10. On or about April 13, 2012, at approximately 12:03 p.m. Plaintiff, Knutson, received a telephone call on his cellular telephone from Defendant SCHWAN, through Defendant CUSTOMER ELATION, where Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

11. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

12. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

13. Plaintiff, Knutson, did not provide express consent to Defendants to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

14. Plaintiff, Knutson, did not provide "prior express consent" to Defendants to place telephone calls to Plaintiff, Knutson's, cellular phone with an artificial or prerecorded voice as proscribed under 47 U.S.C. § 227(b)(1)(A).

15. On information and belief, the purpose of this telephone call was to solicit additional business from Plaintiff, Knutson, under the guise that Plaintiff, Knutson, had a pending delivery for merchandise, which would be delivered through Defendant. In actuality, Plaintiff, Knutson, had not ordered any merchandise and Defendant was merely attempting to solicit additional orders from Plaintiff, Knutson.

16. This telephone call by Defendants was in violation of 47 U.S.C. § 227(b)(1).

17. On or about August 16, 2012, 2012 at approximately 1:56 p.m., Plaintiff Lemieux, received a telephone call on his cellular telephone from Defendant SCHWAN, through Defendant CUSTOMER ELATION, where Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

18. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20. Plaintiff, Lemieux, did not provide express consent to Defendants to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. Plaintiff, Lemieux, listened to the automated message and took down the telephone number that was left. Immediately thereafter, Plaintiff, Lemieux, called the telephone number to inquire about the automated call he received to his cellular telephone.

22. Plaintiff, Lemieux, dialed the telephone number and was connected with a sales representative from Defendants. Plaintiff, Lemieux, asked what the telephone call was for, as he did not order any product from Defendants and was not expecting a delivery. Defendants' sales representative acknowledged that Plaintiff, Lemieux, did not in fact order any product and did not have a pending delivery. Defendants' sales representative then informed Plaintiff that the purpose of the automated telephone call was to advise Plaintiff that Defendants' outside sales representative would be in his neighborhood that day and that if he desired to place orders for any products, to contact the outside sales representative.

23. These automated telephone calls by Defendants were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated persons ("the Class").

25. Plaintiffs represent, and are members of, the "Class," consisting of: All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

26. Defendants and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiffs and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by

Defendants during those illegal calls, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

   b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendants should be enjoined from engaging in such conduct in the future.

27. As a person that received at least one call using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

28. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue

to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29.  Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31.  Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

32.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.  The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34.  As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and The Class is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.  Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

36.

**SECOND CAUSE OF ACTION
KNOWING AND/OR WILLFUL VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendants, and each of them:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION
OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member treble damages, as

provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: January 25, 2013                **Kazerouni Law Group, APC**

By:  /s Abbas Kazerounian
     Abbas Kazerounian

**HYDE & SWIGART**

By:  /s Joshua B. Swigart
     Joshua B. Swigart
     Attorneys for Plaintiffs