UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON and KEVIN LEMIEUX, Individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHWAN'S HOME SERVICE, INC. and CUSTOMER ELATION, INC.,<br><br>Defendants. | Case No. 12cv964-GPC (DHB)<br><br>**ORDER REGARDING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF Nos. 36, 43]** |

Plaintiffs and Defendant Schwan's Home Service, Inc. filed a Joint Motion for Determination of Discovery Dispute on February 14, 2013. (ECF No. 36.) The parties submitted a Supplemental Joint Motion on March 12, 2013. (ECF No. 43.) After reviewing the Joint Motions and supporting exhibits, the Court GRANTS Plaintiffs' request to compel, as outlined below.

## I. BACKGROUND

This is a class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Plaintiffs seeks to represent a class of individuals who received calls on their cell phones from Defendant without prior express consent. Plaintiffs have served Requests for Production and Interrogatories on Defendant seeking information about: (1) the number of calls Defendant placed to cell phones; (2) Defendant's evidence of

"prior express consent;" and (3) Defendant's insurance coverage. Defendant has objected to the discovery requests on grounds that they are not relevant to class certification and are unduly burdensome. In addition to briefing their dispute about these three categories of discovery requests, the parties submitted supplemental briefing addressing two specific requests: Plaintiffs' Interrogatory No. 26 (Set Two) and Plaintiffs' Request for Production No. 28 (Set Two). Interrogatory No. 26 seeks information regarding the number of calls Defendant made on behalf of Nutri-Systems. Request for Production No. 28 requests Defendant's outbound dial list and report for such calls.

## II. DISCUSSION

The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The relevance standard is thus commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

However broadly defined, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Vonole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'"). District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(I).

Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class. *Oppenheimer Fund, Inc.*, 437 U.S. at 359. Although discovery on the merits is usually deferred until it is certain that the case will proceed as a class action, the merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case. *See Wal-Mart Stores Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011) (explaining that often the "rigorous analysis" under Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.").

### A.     Category One: Outbound Dial Lists

Plaintiffs argue Defendant should be compelled to produce its outbound dial lists and call reports for the dial lists. Plaintiffs assert this information is relevant to Plaintiffs' claims regarding outbound autodialed calls and is needed to adequately prepare a motion for class certification. Defendant objects to producing the information. Defendant contends Plaintiffs' requests are overbroad and seek information that is irrelevant at this stage in the litigation. Defendant also argues it would be unduly burdensome to produce the information sought by Plaintiffs.

As an initial matter, the Court overrules Defendant's objections to the extent they are based on Defendant's assertion that discovery has been bifurcated. The Court clarifies that discovery is not bifurcated in this case. That being said, discovery at this pre-certification stage should be focused on class certification issues.

Plaintiffs argue that the outbound dial lists and reports are necessary to establish the numerosity and ascertainability of the class. Defendant argues the information is not relevant and not necessary at this time. Defendant states that it is willing to stipulate to the numerosity requirement, which alleviates Plaintiffs' need for the information. Defendant also argues Plaintiffs don't need the outbound dial lists to determine if it is *possible* to identify specific class members.

The Court finds that the information sought by Plaintiffs is relevant to class certification issues. True, it overlaps with the merits of Plaintiffs' case. However, as the Supreme Court recently recognized, this is not altogether uncommon in class actions. *See Wal-Mart Stores Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011). The Court finds it is likely the outbound dial lists and reports will illuminate issues such as the number and ascertainability of potential class members, the typicality of their claims, and whether common questions of law or fact exist, thus making the class action device appropriate in this case. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (pre-certification discovery should be allowed if it is likely to substantiate the class allegations). Although Defendant offers to stipulate to the numerosity requirement, the Court notes that the proffered stipulation[1] does not include the ascertainability requirement. Also, the Court notes it may be helpful for Plaintiffs to be able to articulate in their motion for class certification how large, or small, the proposed class is expected to be. This information may also be relevant to issues such as manageability.

Defendant also objects that producing the outbound dial lists and reports would be burdensome. Defendant states that Plaintiffs are requesting information about an estimated 3.9 million phone calls nationwide, and that many of the calls would have been placed to landlines. Plaintiffs suggest that it would not require an unreasonable number of hours or cause undue expense for Defendant to determine the number of calls placed to cell phones using an autodialer. Plaintiffs state that if necessary, they have a consultant who can review the outbound dial lists, and in a matter of weeks perform a "cell phone scrub" to determine which calls are actionable, as long as Defendant produces the information in an searchable electronic format. *See* ECF No. 36-1 at ¶¶7-8.

On balance, the Court finds that the outbound dial lists and reports are relevant at this stage of the litigation, and should be produced in a searchable electronic format. If the parties determine a protective order should be in place before the information is produced,

---

[1] Defendant also qualifies the proposed stipulation. *See* ECF No. 43 at 17, n. 27.

the Court is willing to entertain a joint motion for a protective order.[2] Accordingly, Plaintiffs' request to compel production of outbound dial lists and reports is GRANTED.

**B.  Category Two: Evidence of "Prior Express Consent"**

Plaintiffs have requested information relating to Defendant's affirmative defense of "prior express consent." Plaintiffs predict Defendant will assert this defense in opposition to class certification. Plaintiffs argue they will need the information to prepare a response and to demonstrate that the putative class is both ascertainable and manageable. Plaintiffs note that similar discovery has been permitted by other district courts in TCPA cases. *See e.g. Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500, 505 (N.D. Ill. 2009) (ordering the defendant in a TCPA class action to produce "class-wide documents and information relating to its prior express consent defense" prior to the resolution of the plaintiffs' class certification motion). Defendant counters that compiling the information would be extremely burdensome and the information is not necessary at this stage in the litigation.

The Court finds the information sought by Plaintiffs is relevant. "Prior express consent" is an affirmative defense that defendants in TCPA cases have the burden to prove. *See e.g.* 23 F.C.C.R. 559, 565 (Jan. 4, 2008); *Grant v. Capital Mgmt Servs.,LP*, 449 Fed.Appx. 598, 600 n.1 (9th Cir. 2001) (noting that "'express consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof."); *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 WL 2129364, *3 (S.D. Cal. June 11, 2012). As this defense is likely to be raised as an issue in the certification proceedings, the Court finds Plaintiffs' discovery requests are appropriate. Defendant contends that compelling this discovery is tantamount to the Court ruling the class is ascertainable. The Court disagrees. The issue before the Court is whether Plaintiffs' discovery requests are relevant to factors bearing on certification, such as ascertainability; not whether the class is, in fact, ascertainable.

Defendant argues it would be unduly burdensome, if not impossible, to produce the

---

[2] The parties should consult Judge Bartick's chambers rules for more information on the Court's requirements for all protective orders. Judge Bartick's chambers rules are available on the Court's website at: www.casd.uscourts.gov.

information requested by Plaintiffs. Defendant estimates that it would take 15 years to complete even a cursory review of the documentation evidencing each customer's prior express consent. Defendant states that its 3.9 million customers consented to receiving prerecorded calls in numerous ways, including by email, through the company's website, over the telephone, and verbally to their Route Sales Representatives at their front door. Defendant says that it did not start recording its customers' manner of consenting to prerecorded calls in a computer database until November 2012. Plaintiffs ask that at a minimum, Defendant should be compelled to produce the records it kept electronically since November 2012.

The Court appreciates that reviewing and producing the volume of information requested by Plaintiffs at this stage in the litigation is burdensome. The question, of course, is whether that burden is undue. The Court notes that Defendant proposed a middle-ground. Defendant suggested a sampling procedure, which was apparently rebuffed by Plaintiffs. With respect to records kept prior to November 2012, the Court finds that sampling strikes an appropriate compromise in this case. *See Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, *503-04 (E.D. Cal. April 30, 2012) ("To relieve the burden on a party, a court may order a 'sampling' of records."); *Feske v. MHC Thousand Trails Ltd. Partnership*, 2012 WL 1123587, *2 (N.D. Cal. April 3, 2012) ("[I]n the specific context of class-action discovery, sampling advances the goal of proportionality set forth in Fed.R.Civ.P. 26(b)(3)(c)(iii)."). Sampling should afford Plaintiffs sufficient information for their class certification motion, and will not overburden Defendant. With respect to records kept after November 2012, the Court finds that Defendant should produce all of the electronic records of express consent it has kept within its computer database. While still time consuming, the effort associated with producing electronically stored information is not as great as that required to produce the information that is not in a computer database.

///

///

///

Accordingly, Plaintiffs' request to compel evidence of "prior express consent" is GRANTED as follows:

1. The parties shall meet and confer and devise a mutually agreeable random sampling procedure for records evidencing "prior express consent" for the period from April 2008 through November 2012; and

2. Defendant shall produce all responsive records evidencing "prior express consent" that are available in its computer database since November 2012.

**C.   Category Three: Insurance Coverage**

Plaintiffs seek to compel Defendant to produce evidence of its insurance coverage. Plaintiffs contend Defendant referenced an insurance agreement in the Master Services Agreement, but has failed to proved Plaintiffs with a copy of the policy. The Master Services Agreement was provided to Plaintiffs during discovery. It is apparently an agreement between Defendant and CustomerElation, a third party vendor and recently added Co-Defendant. Plaintiffs assert the information is relevant and discoverable, as the insurance agreement may cover Defendant's alleged violations of the TCPA. Defendant counters that it has no insurance policy to produce, and that it is self-insured. Defendant explains that the Master Services Agreement placed a duty on CustomerElation to obtain certain insurance coverage.

In light of Defendant's representations, it appears there is no insurance policy to compel production of. However, to the extent Defendant may have a copy of any insurance policies held by CustomerElation pursuant to the Master Services Agreement, Defendant should provide those documents to Plaintiffs. Accordingly, the Court finds Plaintiffs' request to compel production of insurance coverage is GRANTED, to the extent Defendant has any insurance policies in its possession.

**D.   Plaintiffs' Interrogatory No. 26 (Set Two)**

Plaintiffs' Interrogatory No. 26 requests Defendant to state the number of telephone numbers Defendant called "in regards to any issues related to delivering good/s and/or product/s for [or] on behalf of Nutrisystem[]." (ECF No. 43 at 3.) Defendant objected to the

interrogatory, stating it would be unduly burdensome to respond. The parties met and conferred regarding the issue, and reached a compromise: Defendant agreed to admit to a certain number of calls made on behalf of Nutri-System. Defendant was supposed to provide this information by approximately March 7, 2013. Plaintiffs contend Defendant has not kept its end of the bargain. (ECF No. 453 at 2, n.1.) Defendant states that it intends to honor the compromise and has no objection to a court order compelling it to do so.

Accordingly, Plaintiffs' request to compel Defendant to provide a supplemental response to Interrogatory No. 26 is GRANTED.

**E.     Plaintiffs' Request for Production No. 28 (Set Two)**

Plaintiffs' Request for Production No. 28 requests Defendant's outbound dial list and report of telephone numbers called by Defendant on behalf of Nutri-System only. Plaintiffs contend they need this information to support their class certification motion and to establish factors such as numerosity, ascertainability, and predominance. Defendant objects to the request. Defendant states that the outbound dial lists do not differentiate between Schwan's customers and Nutri-Systems customers assigned to the same routes. Therefore, Defendant surmises the information will not help Plaintiffs. However, Defendant's briefing seems to suggest that the company has some way to distinguish between Schwan's and Nutri-Systems customers. Defendant states "Schwan's delivered NutriSystem products to Plaintiffs on behalf of NutriSystem and then inadvertently failed to scrub Plaintiffs' names and telephone numbers from its calling lists after they stopped receiving delivery of NutriSystem products from Schwan's." ECF No. 36 at 12, n.24. In the Court's view, this statement suggests that it may be possible for the call lists to be scrubbed on the basis of the type of products that were delivered. Therefore, the Court finds Defendant should provide the requested outbound dial list and report to the extent Defendant is able to do so.

For the reasons discussed above, the Court finds the outbound dial lists and reports are relevant to class certification issues, and the likely benefit of production outweighs the burden of producing the material. Accordingly, the Plaintiffs' request to compel production of documents responsive to Request for Production No. 28 is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS Defendant to provide supplemental responses to Plaintiffs' Interrogatories and Requests for Production, in accordance with the terms of this order, within 30 days of the date of this order.

IT IS SO ORDERED.

DATED: March 25, 2013

DAVID H. BARTICK
United States Magistrate Judge