UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON and KEVIN LEMIEUX, Individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHWAN'S HOME SERVICE, INC. and CUSTOMER ELATION, INC.,<br><br>Defendants. | Case No. 12cv964-GPC (DHB)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE** |

On July 22, 2013, the Court held a telephonic Discovery Conference in this matter. Based on the discussion with counsel, and having reviewed the record, the Court HEREBY ORDERS Defendant Schwan's Home Service, Inc. ("Schwan's") to produce the NutriSystem-only dial list of approximately 33,300 entries to Plaintiffs.

## I. BACKGROUND

This is a class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Plaintiffs seeks to represent a class of individuals who received calls on their cell phones from Defendant without prior express consent. On March 25, 2013, this Court issued an Order resolving a discovery dispute between the parties. The Court ordered, among other things, that Schwan's was required to produce an outbound dial list of calls Schwan's made on behalf of itself and on behalf of NutriSystem. (ECF No. 45.)

On April 8, 2013, Schwan's filed a Motion to Set Aside that portion of the Order. (ECF No. 54.) Subsequently, on May 8, 2013, Plaintiffs filed a Motion for Class Certification that significantly narrowed the class definition. (ECF No. 65.) On July 15, 2013, Judge Curiel reversed the March 25, 2013 Order in part, and remanded the discovery dispute to this Court for further consideration. Specifically, the Court was directed to consider whether the ordered call list is relevant to the issue of commonality as well as determine the relative cumulativeness and convenience of both lists. (ECF No. 87 at 15.)

## II. DISCUSSION

On July 22, 2013, the Court held a telephonic Discovery Conference. Counsel for Schwan's advised the Court that it has constructed a NutriSystem-only dial list that contains approximately 33,300 entries. Schwan's has not produced this list to Plaintiffs, but agreed to do so if ordered by the Court. Counsel for Plaintiffs indicated that in light of the narrowed class definition, Plaintiffs no longer seek the original 3.9 million-entry dial list. However, Plaintiffs do seek the truncated NutriSystem-only list. Plaintiffs contend the truncated list is relevant to commonality. Schwan's argues that it is not.

Upon further consideration, and in light of the narrowed class definition, the Court finds that the truncated NutriSystem-only dial list is relevant to the issue of commonality. For Plaintiffs to establish commonality under Rule 23, they must show the putative class "suffered the same injury . . . such that the . . . class claims will share common questions of law or fact" with those of the named plaintiffs. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982). As Judge Curiel explained, for Plaintiffs to establish commonality in this case, they must show "Schwan's called Plaintiffs (1) using an automated dialer or artificial or prerecorded voice; (2) in non-emergency situations and without prior express consent; (3) *on their cellular telephones*. 47 U.S.C. § 227(b)(1)(A). The common question is thus, 'were we all called *on our cellular telephones*, by an autodialer or artificial or prerecorded voice, on behalf of Schwan's, without having given express consent?'" (ECF No. 87 at 12 (emphasis added).) Thus, whether the putative class members were called on their cell phones is relevant to the question of commonality.

Here, Plaintiffs' state their consultant can review the truncated NutriSystem-only list and determine which of the approximately 33,300 calls were placed to cellular telephones. Therefore, the truncated list will show whether the calls Schwan's placed to NutriSystem customers were made to cellular telephones. Accordingly, it is relevant to the issue of commonality and should be produced.

Schwan's indicated that the NutriSystem-only list contains both names and telephone numbers. Although the Court finds the list of numbers is relevant, the names associated with the numbers are not relevant at this time. Therefore, Schwan's is permitted to redact the names from the NutriSystem-only dial list that it produces to Plaintiffs.

Further, given the narrowed class definition and availability of the NutriSystem-only list, the Court finds the original 3.9 million-entry list would be unreasonably cumulative and is no longer relevant at this stage in the litigation. Therefore, Schwan's is relieved from its obligation to produce the full 3.9 million-entry dial list.

IT IS SO ORDERED.

DATED: July 23, 2013

DAVID H. BARTICK
United States Magistrate Judge