1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIK KNUTSON AND KEVIN LEMIEUX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.: 3:12-CV-00964-GPC-DHB** |
| | **CLASS ACTION** |
|          **PLAINTIFFS,** | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |
| **V.** | |
| **SCHWAN'S HOME SERVICE, INC.; AND CUSTOMER ELATION, INC.,** | **HON. GONZALO P. CURIEL** |
|          **DEFENDANTS.** | |

# FINAL SETTLEMENT APPROVAL ORDER

On _____, 201__, after active litigation, extensive arm's length negotiations, two mediations before the Honorable Leo S. Papas (Ret.), and the Honorable Leo Wagner (Ret.), Plaintiffs Erik Knutson and Kevin Lemieux, on behalf of themselves and the Class, and Defendants Schwan's Home Service, Inc. and Customer Elation, Inc. (jointly the "Defendants") (collectively the "Parties"), entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On _____, 201__, the Parties filed the Agreement, along with the Motion for Preliminary Approval of Class Action Settlement Agreement (the "Preliminary Approval Motion"), with the Court.

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, codified at 28 U.S.C. § 1715(b), on _____, 201__, the claims administrator, at Defendants' request and direction, served written notice of the proposed class action settlement on the United States Attorney General and the Attorney General of each State in which a Class Member resides.

On _____, 201__, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Settlement Approval Order"). Pursuant to the Preliminary Settlement Approval Order, the Court preliminarily approved the proposed settlement, approved Kurtzman Carson Consultants as the claims administrator, and set the date and time of the Final Fairness Hearing.

On _____, 201__, Class Counsel timely filed their application for attorneys' fees, costs, and incentive/service awards.

//

//

On _____, 201__, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (the "Final Approval Motion").  Pursuant to their Final Approval Motion, the Parties request final approval of the proposed class action settlement.

On _____, 201__, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.  The Court has read and considered the Agreement, Final Approval Motion, and the record.   All capitalized terms used herein have the meanings defined herein and/or in the Agreement unless defined otherwise herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **JURISDICTION**: The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

2. **SETTLEMENT CLASS MEMBERS**: Pursuant to Fed. R. Civ. P. 23(b)(3), this Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class or Class Member with respect to the claims asserted in this Action:

> All persons who are past or present customers of NutriSystem, Inc., who had or have a number assigned to a cellular telephone service, which number was called by Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice between April 18, 2008 and August 31, 2012. Excluded from the Class are persons who Defendants called for emergency purposes or persons who gave express consent to Defendants to call their cellular telephone number prior to Defendants first placing a call using an automatic telephone dialing system and/or artificial or prerecorded voice. Also excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors or assigns and any other entity in which Defendants have a controlling interest, any judge assigned to this case and their immediate families. [Dkt. No. 119]

3. **NOTICE AND CLAIMS PROCESS**: Pursuant to the Court's Preliminary Settlement Approval Order, the claims administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Settlement Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.    The Court finds that the notice process was clearly designed to advise the Class Members of their rights.  Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

4. **SETTLEMENT AGREEMENT**: The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the complexity, expense and probable duration of further litigation, the serious risk and delay inherent in possible appeals, the cross motion for summary judgment filed by Defendants as to the entire Class and Defendants' motion to decertify the class action, and the risk of collecting any judgment obtained on behalf of the class.

5. **SETTLEMENT TERMS**: The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

   a. Defendants shall pay each of the _____ claimants who submitted a timely and valid Claim Form a cash payment of $20.00 in the

form of a check, and a merchandise voucher for Schwan's Home Service, Inc. products in the amount of $80.00.   The voucher shall not be redeemable for cash.   The voucher shall be non-transferable and shall expire two years after it is issued;

   b.  Defendants shall pay the total sum of $1,500.00 each to the Representative Plaintiffs, Erik Knutson and Kevin Lemieux, payable through Class Counsel as incentive/service award for bringing and participating in this action;

   c.  Defendants shall pay the total sum of $_____ to Kurtzman Carson Consultants ("KCC") for the costs of Notice and other Administrative Expenses of the class action settlement; and

6.  **EXCLUSIONS AND OBJECTIONS**: A total of ____ exclusions were received. Those persons requesting exclusion are named in Exhibit B to this Order. The Court hereby excludes these individuals from the Class.

   a.  The Class Members were given an opportunity to object to the settlement. _____ Class Members filed objections. After consideration of each of the objections, the Court hereby overrules such objections.

   b.  This Order is binding on all Class Members, except those individuals named in Exhibit B, who validly and timely excluded themselves from the Class.

7.  **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT**: The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these

proceedings and this Order. [Agreement § 13]. The Action is hereby dismissed with prejudice in all respects.

8.  The Action is hereby dismissed with prejudice in all respects.

9.  This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

10. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: _____        _____
                                      HON. GONZALO P. CURIEL
                                      U.S. DISTRICT COURT JUDGE