<u>**UNITED STATES DISTRICT COURT**</u>
<u>**SOUTHERN DISTRICT OF CALIFORNIA**</u>

*Erik Knutson et al. v. Schwan's Home Service, Inc. et al.,* Case No. 3:12-CV-00964-GPC-DHB (S.D. Cal.)

*A court authorized this notice.  This is not a solicitation from a lawyer.*

TO: **All persons who are past or present customers of NutriSystem, Inc., who had or have a number assigned to a cellular telephone service, which number was called by Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice between April 18, 2008 and August 31, 2012.  Excluded from the Class are persons who Defendants called for emergency purposes or persons who gave express consent to Defendants to call their cellular telephone number prior to Defendants first placing a call using an automatic telephone dialing system and/or artificial or prerecorded voice. Also excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors or assigns and any other entity in which Defendants have a controlling interest, any judge assigned to this case and their immediate families**

The purpose of this notice is: (a) to advise you of a proposed class action settlement of this civil action (the "Action") with Schwan's Home Service, Inc. and Customer Elation, Inc. (collectively, "Defendants"), in the U.S. District Court for the Southern District of California (the "Court"); (b) to summarize your rights under the settlement, including the possibility that you may receive compensation in the form of a merchandise voucher for $80.00 for goods purchased from Schwan's Home Service, Inc., and a check for $20.00; (c) to inform you of a court hearing to consider the final approval of the settlement (the "Fairness Hearing" or "Final Approval Hearing"); (d) to advise you how to make a claim for a portion of the settlement; and (e) to inform you how to obtain additional information.

Erik Knutson and Kevin Lemieux, the people who sued, are called the Plaintiffs in the Action, and the companies they sued, Schwan's Home Service, Inc. and Customer Elation, Inc., are called the Defendants.  Plaintiffs allege that Defendants violated a provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by calling persons on their cellular phones using an automatic telephone dialing system and/or an artificial or prerecorded voice without prior express consent.

Defendants deny the allegations made by Plaintiffs, and contend that they would ultimately prevail on the merits at trial.  Nevertheless, in order to avoid the costs, uncertainties and expense of this Action, Defendants have agreed to a settlement on the terms and conditions summarized herein.

Defendants will provide settlement benefits as follows:

(a) Defendants will pay up to $1,200,000 in cash for the payment of the following: (i) valid claims for cash benefits submitted by Class Members; (ii) up to $35,000 for notice and other administrative expenses; and (iii) the fee and expense award, up to $750,000 (29.58% of the total settlement) for attorneys' fees and up to $30,000 for litigation costs and expenses; and

(b) Defendants will provide up to $1,335,280 in merchandise vouchers for Schwan's products for Class Members making claims.  The merchandise voucher shall not be redeemable for cash, shall be non-transferrable, and shall expire two years after it is issued.

Those persons in the Class are defined in the Settlement Agreement as:

All persons who are past or present customers of NutriSystem, Inc., who had or have a number assigned to a cellular telephone service, which number was called by Defendants using an

automatic telephone dialing system and/or an artificial or prerecorded voice between April 18, 2008 and August 31, 2012.

Excluded from the Class are persons who Defendants called for emergency purposes or persons who gave express consent to Defendants to call their cellular telephone number prior to Defendants first placing a call using an automatic telephone dialing system and/or artificial or prerecorded voice. Also excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors or assigns and any other entity in which Defendants have a controlling interest, any judge assigned to this case and their immediate families

You may be entitled to receive a merchandise voucher and a check under the settlement reached in this case. Defendants' records indicate certain customers were called on their cellular telephones with an automatic telephone dialing system and/or an artificial or prerecorded message by Defendants or their predecessors or agents, during the Class Period, April 18, 2008 through August 31, 2012. If your cell phone number matches one of the 16,691 cell phone numbers called as identified in Defendants' records and you received a call from Defendants without your consent, you are entitled to make a claim for a merchandise voucher and a check. You may inquire with the claims administrator to confirm whether your cellular phone number is on the list of called numbers.

For each of the 16,691 Class Members that submits a valid claim for payment, Defendants will issue both a check in the amount of $20.00 and a merchandise voucher in the amount of $80.00. Administration and notice costs, incentive awards, attorneys' fees and litigation costs will be paid from the amount designated by the Settlement Agreement, but will not dilute the amount each claiming Class Member is to receive.

Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay a total of $3,000 ($1,500.00 each) in incentive/service payments to the named Plaintiffs in this Action, Erik Knutson and Kevin Lemieux.

Also subject to Court approval, the Parties have agreed that Class Counsel in the Action may apply to the Court to be awarded attorneys' fees in an amount up to $750,000.00, which represents approximately 30% of the maximum $2,535,280 settlement benefit amount that may be paid in this Action, plus actual litigation costs, not to exceed $30,000.00.

As detailed below, to find out if your cell phone number was called by Defendants, you can (1) call 1-800-_____; (2) go online to www._____.com; or (3) make a request in writing from the claims administrator. To make a claim you must (a) submit a claim online at the settlement website or (b) submit the completed Claim Form downloaded from the settlement website to the claims administrator by mail. Even if you received this notice, to make a claim you must provide:
(i) Your current name;
(ii) Your current phone number and mailing address where the compensation may be sent;
(iii) Attest that you received a call on your cellular telephone without your consent;
(iv) Provide the telephone number on which you received the allegedly unlawful call.

If your name and cellular telephone number match the name and number in Defendants' records, and you complete all four steps above, the claim will be approved, and you will receive both a settlement check and merchandise voucher.

Upon final approval of the settlement, the Action will be dismissed with prejudice and the individual Plaintiffs and Class Members who do not request exclusion from the Class will be deemed to release and forever discharge Defendants, their predecessors and successors, parent companies, subsidiaries, and all affiliated companies from any and all claims arising from the facts alleged in the Action that they have and/or could assert against Defendants.

Case 3:12-cv-00964-GPC-DHB   Document 135-8   Filed 05/05/14   PageID.4635   Page 3 of 9

**Your legal rights are affected whether you act or do not act.  Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | Stay in the lawsuit.  Receive no compensation. |
| **File a Claim** | Make a claim **by _____, 20__**, by mail or online and receive compensation if you are an eligible Class Member and the settlement is finally approved. |
| **Go to a Hearing** | Speak in Court about the fairness of the settlement. |
| **Object** | Write to the Court and explain why you do not like the settlement. |
| **Exclude Yourself** | Get no compensation.  This is the only option that allows you to ever be part of any other lawsuit involving the claims in this Action against Defendants. |

These rights and options – and the deadlines to exercise them – are explained in this notice.  The Court in charge of this case still has to decide whether to approve the settlement.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF LAWSUIT AND SETTLEMENT

BASIC INFORMATION
1.  Why did I get a postcard with a notice? ...........................................................................................4
2.  What is this lawsuit about? ...............................................................................................................5
3.  What is a class action? .....................................................................................................................5
4.  Why is there a settlement and what is it? ........................................................................................6
5.  Am I eligible to be part of the settlement? .......................................................................................6

THE SETTLEMENT BENEFITS – WHAT YOU GET
6.  What does the settlement provide? ..................................................................................................5
7.  How can I get compensation? ..........................................................................................................6
8.  When would I get my compensation? ..............................................................................................6
9.  What am I giving up to get my compensation and stay in the Class? ..............................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT
10.  How do I get out of the settlement? ...............................................................................................7
11.  If I do not exclude myself, can I sue Defendants for the same thing later? ...................................7
12.  If I exclude myself, can I get the compensation? ..........................................................................7

THE LAWYERS REPRESENTING YOU
13.  Do I have a lawyer in this case? ....................................................................................................7
14.   How will the lawyer be paid and what other costs are there to be paid and by whom? .................7

INCENTIVE/SERVICE PAYMENT PAID TO THE CLASS REPRESENTATIVE
15.   Do the Class Representatives get paid anything for their services? ..............................................8

OBJECTING TO THE SETTLEMENT
16.  If I want to object to the settlement or Class Counsel's request for attorneys' fees and costs, how do I do so? ..........................................................................................................................................8
17.  What's the difference between "objecting" and "excluding yourself?" .........................................8

THE COURT'S FAIRNESS HEARING

18. When and where will the Court decide whether to give Final Approval to the settlement? ...........8
19. Do I have to come to the hearing? ...............................................................................................9
20. What if I want my own lawyer to attend the Fairness Hearing? ....................................................9

IF YOU DO NOTHING

21. What happens if I do nothing at all? ..............................................................................................9

GET MORE INFORMATION

22. Are there more details about the settlement? ................................................................................9

## BASIC INFORMATION

**1.     Why did I get a postcard with a notice?**

Defendants' records indicate that you may have been called on a cell phone, either with an automatic telephone dialing system or by a prerecorded voice message, by Defendants between April 18, 2008 and August 31, 2012 (the "Class Period").  You may be entitled to compensation in the form of a voucher in the amount of $80.00, which shall be used exclusively for the purchase of Schwan's Home Service, Inc. goods, and a cash payment of $20.00 paid in the form of a check, under the settlement reached in this case.  Defendants' records list the 16,691 cell phone numbers that were called during the Class Period along with the corresponding customer information associated with the file.  Therefore, a postcard notice has been sent by direct mail to all persons associated with accounts with cell numbers that were called during the Class Period.

If your cell number was not called during the Class period, you are *not* eligible to make a claim.  Not every person who received notice of settlement is entitled to compensation from the settlement.  Only those persons whose cell phone numbers were actually called by Defendants by an automatic telephone dialing system or prerecorded voice without consent may receive payment under the settlement.

The Court gave preliminary approval to this proposed settlement and at that time ordered the postcard notice to be sent to persons whose names appeared in Defendants' records associated with accounts where cell phone numbers were called during the Class Period, April 18, 2008 through August 31, 2012.  The Court further ordered that this notice be placed on the settlement website.  As a Class Member, you have a right to know about a proposed settlement of a class action lawsuit and about all of your options before the Court decides whether to give Final Approval to the settlement.  If the Court approves it, payment of the settlement will be made.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.     What is this lawsuit about?**

Plaintiffs allege that Defendants violated the TCPA by calling persons on their cell phone numbers with either an automatic telephone dialing system or by an artificial or prerecorded voice message, or both, without that person's prior express consent.  The TCPA provides that Plaintiffs may seek statutory damages of up to $500 for each call negligently made and up to $1,500 for each call made intentionally.  That is the amount this lawsuit originally sought.  Defendants deny that they violated the TCPA and contest all liability with respect to any and all facts claimed in the Action.

**3.     What is a class action?**

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Erik Knutson and Kevin Lemieux) sue on behalf of people who may have similar claims.  All these people are a "Class" or, in other words, "Class Members."  One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class.  U.S. District Court Judge Gonzalo P. Curiel is the judge assigned to this lawsuit.  He will decide whether this matter should proceed under the terms negotiated by the Parties and be finally approved.

4. **Why is there a settlement?**

The merits of this Action have *not* been decided. Instead, both sides have voluntarily agreed to a settlement before any trial which provides for several benefits: (1) Defendants will provide settlement benefits of up to $2,535,280.00 to be distributed to each claiming Class Member through the issuance of a merchandise voucher, in the amount of $80.00, which shall be used exclusively for the purchase of Schwan's Home Service, Inc. goods, and a cash payment of $20.00 paid in the form of a check; (2) the costs of notice and claims administration will be paid by Defendants (not to exceed $35,000), as will Plaintiffs' attorneys' fees and costs of litigation. The amount paid per claim ($80.00 in a merchandise voucher and $20.00 check) will not be reduced by the amount of notice, attorneys' fees, or litigation costs awarded by the Court. Upon taking all matters into consideration, the Class Representatives and their attorneys think the settlement is in the best interests of all Class Members.

5. **Am I eligible to be part of the settlement?**

If you received the postcard notice by mail, you are part of the Class as defined above. However, that does not guarantee that you are entitled to compensation. Your cell phone number must have been called by Defendants without consent for you to qualify to receive a merchandise voucher and cash payment, as described herein. Prior to submitting a claim, you may check with the claims administrator to determine whether your cell phone number actually was called by Defendants.

If you are receiving notice by other means, such as a website, you can contact the claims administrator to check if your cellular telephone number is part of the Class. If it is, you will be allowed to make a claim.

Potential claimants may submit a claim and are required to provide the following information:

(i) Your current name;
(ii) Your current phone number and mailing address where the compensation may be sent;
(iii) Attest that you received a call on your cellular telephone without your consent;
(iv) Provide the telephone number on which you received the allegedly unlawful call.

The Parties agreed and the Judge confirmed that the following persons should be included in the Class:

> All persons who are past or present customers of NutriSystem, Inc., who had or have a number assigned to a cellular telephone service, which number was called by Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice between April 18, 2008 and August 31, 2012. Excluded from the Class are persons who Defendants called for emergency purposes or persons who gave express consent to Defendants to call their cellular telephone number prior to Defendants first placing a call using an automatic telephone dialing system and/or artificial or prerecorded voice. Also excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors or assigns and any other entity in which Defendants have a controlling interest, any judge assigned to this case and their immediate families.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

6. **What does the settlement provide?**

The Settlement Agreement requires that Defendants provide settlement benefits as follows:

Defendants shall pay a maximum of $2,535,280.

Class Members with approved claims will receive:
1. A settlement check in the amount of $20.00; and
2. A merchandise voucher in the amount of $80.00, which is non-transferable and expires two years from the date of issuance.

Defendants will pay for all approved claims, notice and administration costs, incentive awards, attorneys'

fees and litigation costs. The amount of attorneys' fees requested will not exceed $750,000. The amount of costs requested will not exceed $30,000. The amount of notice and settlement administration will not exceed $35,000. The amount of requested incentive award to each named Plaintiff will not exceed a combined total of $3,000. These attorneys' fees and costs must be approved by the Court.

7. **How can I get compensation?**

To determine whether you are eligible for compensation under the settlement, Defendants must have placed a telephone call to your cellular telephone with an automatic telephone dialing system and/or prerecorded message between April 18, 2008 and August 31, 2012, without consent. To submit a claim you may do so in the following ways:

(1) Downloading a claim form at the website: www._____.com, filling out this claim form and submitting the claim form, in writing, to the claims administrator at:

_____ Settlement
KCC Class Action Services, LLC
P.O. Box [XXX]
El Segundo, CA 90245; or

(2) Submitting a claim online at the website: www._____.com

In order to submit any claim, you will need to provide:
Your current name;
Your current mailing address where the compensation may be sent;
Attest that you received a call on your cellular telephone without your consent;
Provide the telephone number on which you received the allegedly unlawful call.

The **deadline to submit a claim is _____, 20\_\_**. All claims completed online must be made on or before close of business on that date. If you submit your claim by mail, your claim must be **postmarked** on or before that date.

8. **When would I get my compensation?**

The Court will hold a Final Approval or Fairness Hearing on _____, 20\_\_, to decide whether to grant final approval of the settlement. If Judge Curiel grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty (30) days from the date of the ruling, or it will become final on the date of entry of the ruling if there is no person with standing to appeal. The Defendants will then mail each merchandise voucher and check to each Class Member making a valid claim, within 60 days of the later of (1) the settlement becoming final or (2) Defendants receipt of a completed claim form. Also, there may be appeals. If so, the approval order does not take effect until those appeals are resolved. It is always uncertain whether and when appeals would be resolved, and payment under this settlement cannot be made until the approval order is final.

9. **What am I giving up to get my compensation and stay in the Class?**

As an eligible Class Member, unless you exclude yourself, you are a member of the Class. That means that you cannot sue or be part of any other lawsuit against Defendants that arises out of or relates in any way to the facts alleged in this Action, including the allegation that Defendants called your cellular telephone number with an automatic telephone dialing system or prerecorded voice message without consent. It also means that all of the Court's orders will apply to you and legally bind you. By staying in the Class, you agree to release any and all claims, known and unknown, arising from the facts alleged in this Action. The full text of the release of claims sections of the settlement agreement are set forth in the appendix at the end of this notice.

You are releasing "Released Claims" against the "Released Parties." Released Parties are

Defendants, and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, clients, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the lawsuit.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this settlement, or you want to keep the right to sue or continue to sue the Defendants on your own, then you must take steps to get out of the settlement. This is called "excluding yourself" from or "opting-out" of the Class.

**10.    How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the settlement in *Erik Knutson et al. v. Schwan's Home Service Inc., et al.*, Case No. 3:12-CV-00964-GPC-DHB (S.D. Cal.). You must include your name, address, telephone number, and your signature. **You must mail your exclusion request postmarked no later than _____, 20\_\_** to the claims administrator at the following address:

_____ Settlement
KCC Class Action Services, LLC
P.O. Box [XXX]
El Segundo, CA 90245

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any settlement compensation, and you cannot object to the settlement. You will <u>not</u> be legally bound by anything that happens in this Action.

**11.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. If you have a pending lawsuit against Defendants, and you are not certain if that lawsuit is about any of the issues in this case, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. **Remember, the exclusion deadline is _____, 20\_\_**.

**12.    If I exclude myself, can I get the compensation?**

No.

## THE LAWYERS REPRESENTING YOU

**13.    Do I have a lawyer in this case?**

Hyde & Swigart, of San Diego, California and Kazerouni Law Group, APC, of Costa Mesa, California, have been approved by the Court to represent you and other Class Members. These lawyers are called "Class Counsel."

**14.    How will the lawyers be paid and what other costs are there to be paid and by whom?**

You will not be charged individually for these lawyers as they will ask the Court to award them attorneys' fees and costs of litigation separately outside the settlement benefit obtained for the Class. Defendants are agreeing not to oppose any amount requested by Class Counsel so long as the requested attorneys' fees are less than or equal to $750,000.00, which is 29.58% of the $2,535,0280 maximum settlement amount agreed upon in the Settlement Agreement. Class Counsel also will ask that the Court award their actual litigation costs incurred in the Action, in an amount not to exceed $30,000. If awarded, this amount, if any, will be paid by Defendants, but will not affect the actual payout of compensation to any claiming Class Member.

Irrespective of the attorneys' fees and litigation costs awarded, each Class Member who submits a valid claim will receive a check for $20.00 and a merchandise voucher in the amount of $80.00. The Court has to approve any request for attorneys' fees and costs in this Action before they may be awarded. If you want to be personally represented by your own lawyer, you may hire one at your own expense.

Class Counsel will also seek Court approval of the costs of giving notice and providing claims administration in this case. Those costs will not exceed $35,000. These notice costs will not affect individual claiming Class Members' compensation.

## INCENTIVE/SERVICE PAYMENTS PAID TO THE CLASS REPRESENTATIVE

**15.    Do the Class Representatives get paid anything for their service?**

Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the settlement benefit a total of $3,000 ($1,500 each) in an incentive/service award to be paid to Plaintiffs Erik Knutson and Kevin Lemieux.

## OBJECTING TO THE SETTLEMENT

**16.    If I want to object to the settlement or Class Counsel's request for attorneys' fees and costs, how do I do so?**

As a Class Member, you can object to the settlement, including Class Counsel's request for attorneys' fees and costs, if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, send a letter stating that you object to the settlement and/or Class Counsel's request for attorneys' fees and costs, together with the reasons for your objection. The letter must include your name, address, telephone number, your signature, and a reference to the case *Erik Knutson, et al. v. Schwan's Home Service, Inc., et al.*, Case No. 3:12-CV-00964-GPC-DHB (S.D. Cal.). **Mail the information above, postmarked no later than _____, 20\_\_ to all of the following:**

| | |
|---|---|
| Clerk of the Court | KAZEROUNI LAW GROUP, APC |
| U.S. District Court | Abbas Kazerounian, Esq. |
| Southern District of California | 245 Fischer Avenue, Suite D1 |
| 221 West Broadway, Courtroom 2D | Costa Mesa, California 92626 |
| San Diego, California  92101 | Attorneys for Plaintiffs |
| | |
| | HOGAN LOVELLS US LLP |
| | Adam K. Levin, Esq. |
| | 555 Thirteenth Street, NW |
| | Washington, DC 20004 |
| | Attorneys For Defendants |

You cannot object or speak at the hearing if you "exclude yourself" from the Class. If you intend on appearing at the Fairness Hearing, you must file your written notice of intention to appear, addressed to the court and counsel, listed above, postmarked no later than ten (10) days prior to the Fairness Hearing.

**17.    What's the difference between "objecting" and "excluding yourself"?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give final approval to the settlement. You may attend and you may speak, but you do not have to. The hearing is called a Fairness Hearing or Final Approval Hearing.

**18.     When and where will the Court decide whether to give final approval to the settlement?**

The Court will hold a final Fairness Hearing at _____ .m. on _____, 20\_\_ at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 4A, before the Honorable Judge Curiel. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. If any Class Members wish to speak at the hearing, Judge Curiel may listen to them at that time. The Court will decide after the hearing whether to approve the settlement as fair and reasonable, and to determine the amount of attorneys' fees, litigation costs, and costs of notice and claims administration to be awarded, as well as the incentive/service payment to be provided to the Class Representatives for bringing and litigating this Action. We do not know how long these decisions will take.

**19.     Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Curiel may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time the Court will consider it.

**20.     What if I want my own lawyer to attend the Fairness Hearing?**

At your own expense, you may have your own lawyer appear for you if you like. If you hire your own lawyer, and you want him or her to represent you at the hearing, that lawyer must send a notice of intention to appear in the manner detailed in Paragraph 16 above. The letter must be postmarked no later than ten (10) days prior to the Fairness Hearing. The notice of intention to appear must be sent to the Clerk of the Court, Class Counsel, and Defendants' counsel at the addresses listed above.

## IF YOU DO NOTHING

**21.     What happens if I do nothing at all?**

If you do nothing, you will still be part of the Class, but you will receive the benefits detailed above, including compensation, only if you make a claim.

Because you will be a member of the Class, you will be precluded from being part of any other lawsuit against Defendants or any other Released Party relating to the Released Claims in this case. This also means that all of the Court's orders will apply to you and legally bind you.

## GET MORE INFORMATION

**22.     Are there more details about the settlement?**

This notice only summarizes the proposed settlement. More details are in a Settlement Agreement, which is part of the Court file, a public record. Many of the court papers, including the class action complaint and the Settlement Agreement, are also posted on the settlement website www._____.com. In addition, the claims administrator has established a toll free number 1-800-_____, to answer questions. All filed documents in the case, including the settlement documents, are available for viewing online for a fee through the Court's PACER document review system at https://ecf.casd.uscourts.gov.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

Dated: _____                                                                   By Order of The U.S. District Court
                                                                                                              San Diego, California